IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBATE FAMILY FARMS LIMITED PARTNERSHIP, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>LEO L. COTELLA & CO., INC., a California corporation; DONALD RATTO, an individual; BENEDETTO RATTO, JR., an individual,<br><br>Defendant. | No. C 09-04836 JSW<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM ENTRY OF DEFAULT** |

Now before the Court is the motion for relief from entry of default filed by defendants Leo L. Cotella & Co., Inc., Donald Ratto and Benedetto Ratto, Jr. (collectively, "Defendants"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civ. L. R. 7-1(b). Accordingly, the hearing set for February 26, 2010 is VACATED. Having considered the parties' papers and the relevant case law, and good cause appearing, the Court hereby GRANTS Defendants' motion for relief from entry of default.

**FACTUAL AND PROCEDURAL HISTORY**

On October 13, 2009, plaintiff Abbate Family Farms Limited Partnership ("Plaintiff") filed this action against Defendants alleging claims for enforcement of statutory constructive trust, breach of contract, breach of fiduciary duty and constructive fraud. Defendants failed to timely respond to the complaint. Plaintiff subsequently filed its request for entry of default

1 against defendants Leo Cotella & Co., Inc. and Donald Ratto on November 30, 2009, which the
2 Court entered on December 8, 2009. Plaintiff filed its request for entry of default against
3 defendant Benedetto Ratto, Jr. on December 9, 2009, which the Court entered on December 17,
4 2009. Defendants now move for relief from entry of default.

**ANALYSIS**

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause shown. In general, a more lenient standard is applied when determining whether to set aside an entry of default than is applied to vacating a default judgment. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir.1986) (per curiam) ("The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment."). When exercising its discretion under Rule 55, the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a

full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, is to be balanced out with the interests of both litigants and the courts in the finality of judgments. *See Pena v. Seguros La Comerical*, 770 F.2d 811, 814 (9th Cir. 1985).

The Court considers the following factors when deciding whether to set aside the entry of default: (1) whether the defendants' culpable conduct led to the default; (2) whether the defendants have a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. *See TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001). The party seeking to invoke Rule 55(c) bears the burden of demonstrating that these factors favor setting aside the default. *Id.*

**B.     Defendants Have Demonstrated Good Cause to Vacate the Entry of Default.**

**1.     Defendants' conduct was not culpable.**

A party's conduct can be considered culpable if he, or she, "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI,* 244 F.3d at 697 (emphasis in original). In *TCI*, however, the Ninth Circuit has made clear that a lack of "culpable conduct" is essentially the equivalent of excusable neglect. Thus, if the defaulting party comes forth with a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," his or her conduct is excusable, not culpable. *Id.* at 697-98; *see also id.* at 698 ("'culpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings'") (quoting *Gregorian v. Izvestia,* 871 F.2d 1515, 1525 (9th Cir. 1989).)

Here, Defendants contend that relief is proper under Rule 55(c) due to their excusable neglect. Defendants did not file a responsive pleading within the time allowed by law due to failure to timely engage legal counsel. However, Defendants retained legal counsel within a reasonable time after discovering that entry of default had been entered and are now prepared to defend themselves, as demonstrated by their proposed answer. (*See* Declaration of David C. Lee ("Lee Decl."), Ex. A (Defendants' Proposed Answer).) The Court does not find any evidence that suggests Defendants intentionally failed to respond or otherwise intended to take advantage of Plaintiff, interfere with judicial decisionmaking, or otherwise manipulate the legal process. As such, the Court concludes that Defendants' conduct in failing to timely respond to the Complaint was not culpable.

**2.      Defendants have put forth sufficient evidence of a meritorious defense.**

With respect to the question of a meritorious defense, "[t]he underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters Trust Fund v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986) (affirming denial of motion to set aside entry of default where there was no showing of meritorious defense). Defendants have submitted a proposed answer with their motion to set aside default. Further, Defendants contend that Plaintiff failed to perform the promises of the contract and tender goods that conformed with the contract. (Lee

Decl., Ex. A at 5.) Thus, the Court cannot say that Defendants do not have a colorable defense to Plaintiff's claims.

### 3. Plaintiff would not be prejudiced by vacating entry of default.

"To be prejudicial, the setting aside of a [default] judgment must result in greater harm than simply delaying resolution of the case. Rather 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI,* 244 F.3d at 701 (quoting *Falk,* 739 F.2d at 463). Plaintiff argues that it has "already expended substantial effort and monies in connection with attempting to recover this relatively minimal amount [$12,759.10], and to require it to continue to expend additional time and monies in continuing to prosecute this case is simply unfair." (Opp. at 4.) However, Plaintiff still would have had to prosecute the case if default had not been entered. Given the early stages of this litigation and the strong preference for resolving cases on their merits, the Court finds that no prejudice would result from vacating the entry of default.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for relief from entry of default.

**IT IS SO ORDERED.**

Dated: February 23, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4